Barnard, P. J.
The only error alleged upon the trial is an exception taken to the testimony of one, Pierre Odell, upon the former trial of this case.
' It is proven that the witness has died since his testimony was taken, and by the rule of evidence which existed before the Code was passed. ■ Section 830 of the Code preserves the deposition of parties taken upon a former trial, and of other persons who were rendered incompetent by sec. 829.
Evidence of a deceased witness taken upon a former trial is admissible. Wolf v. Oswego Insurance Co., 17 Week. Dig. 395.
The appeal brings up only the findings of the court, as there are no exceptions taken thereto. Upon these findings of fact there is no doubt as to the accuracy of the judgment.
' The plaintiff was a joint-maker with Pierre Odell upon a note held by defendant’s testator, Stymus, for $500.
The plaintiff was only a” surety upon the note. Pierre Odell was the owner of a piece of land in Wayne county and gave a mortgage upon it to the Rochester Savings Bank. The plaintiff paid the amount due upon a decree of foreclosure obtained by the bank upon the mortgage, and had an assignment of this decree made to the defendant’s testator, under an agreement with the plaintiff, that he would collect the degree, and out of the proceeds pay the $500 note and pay the balance to the plaintiff. The decree was $823.79.
Pierre Odell paid the defendant’s testator both the note * and decree. The plaintiff would be entitled upon these facts to a judgment for the full amount of the decree and interest.
It appears that there were other dealings between the plaintiff and. deceased. After the assignment of the mortgage plaintiff gave Stymus a note for $493.50 for rent. This was in 1881, and the assignment of mortgage was in 1875. '
In 1884 the plaintiff and Stymus settled all their dealings, excluding by direct mention and agreement the claim upon the assigned mortgage, and applied the balance due plaintiff of $189.79 upon this $493.50 note.
The remainder of the note was taken out of the moneys collected upon the mortgage. There is no weight in the suggestion that the note given to Stymus by plaintiff is *47 proof of the payment of the moneys received on the mortgage.
It never was more than an inference, and the evidence and findings rebut it by proof that the debt, which would be presumed paid, was not so paid, but was left open.
The judgment should be affirmed with costs.